**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CHANG,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>RICKY NOH; MC CREW, LTD.; THE STYLE N, INC.; SILLA AMERICA, INC.; DBDE, INC.; TAEK GEUN YOON; SOON GIL PARK; DOES, 1-10,<br><br>　　　　　　Defendants-Appellees. | No.　18-55494<br><br>D.C. No.<br>2:17-cv-06205-RGK-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 11, 2019[**]
Pasadena, California

Before:　N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[***] District Judge.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

**1.** The district court properly dismissed Chang's conspiracy-to-defraud and Uniform Fraudulent Transfer Act claims because both causes of action require a transfer from a "debtor." *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (en banc); *Cortez v. Vogt*, 60 Cal. Rptr. 2d 841, 847–48 (Ct. App. 1997). The named defendants here are not judgment debtors; Mungchi, Inc. is the relevant judgment debtor. Thus, the district court correctly granted the defendants' motion to dismiss as to these claims.

**2.** The district court also properly dismissed Chang's aiding-and-abetting claim. "To allege aiding and abetting, a plaintiff must show that the defendant knowingly: (1) substantially assisted or encouraged another to breach a duty, or (2) substantially assisted another's tort through an independently tortious act." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1039 (9th Cir. 2016). Here, Chang failed to allege facts plausibly suggesting that any defendant knew about or assisted in carrying out Noh's putative breach of his fiduciary duty.

**3.** Chang failed to state a claim under § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1962(c). To survive a motion to dismiss, Chang was required to allege facts from which to reasonably infer the "existence of two distinct entities: (1) a person; and (2) an enterprise that is not simply the same person referred to by a different name." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.

2005) (internal quotation marks omitted).

Here, Chang alleges that "the enterprise is the group of individuals, namely RICKY NOH, TAEK GEUN YOON, SOON GIL PARK and DOES 1-5 (the 'PERSONS'), associated in fact for the purpose of illegally transferring assets . . . ." It is unclear from the conclusory allegations in the complaint or Chang's briefing how the RICO persons are separate and distinct from the alleged enterprise. Accordingly, the district court correctly dismissed Chang's RICO claim. Because Chang failed to state a substantive RICO claim, his claim for conspiracy to violate RICO fails too. *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

**4.** Finally, Chang argues that the district court should have granted him leave to amend. Chang did, in his opposition to the Rule 12(b)(6) motion, request leave to amend. However, in his opposition, Chang provided no supporting argument or authority for why leave to amend should be granted. Chang had previously amended his complaint once by stipulation of the parties. The district court did not abuse its discretion by denying Chang's request for leave to amend a second time. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (recognizing that a "district court's discretion to deny leave to amend is 'particularly broad'" when the plaintiff has previously amended its complaint).

**AFFIRMED.**